# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  6:23-CR-00088** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LYNOL CHRISTIAN** | **MAGISTRATE JUDGE DAVID J. AYO** |

## SCHEDULING ORDER

A status conference was held before Magistrate Judge Ayo on August 17, 2023. Present for the Government was Dan McCoy, and present for Defendant was Jasmine Green. Counsel made a joint oral motion to continue the trial of this case beyond the seventy days allowed by the Speedy Trial Act and to set the case for trial as set forth below in this Scheduling Order. Given the complexity of the discovery in this case and

☒ the nature of the pending charges,

☐ the number of Defendants,

☐ Defendant's need for additional time to file motions,

☐ the pendency of Defendant's Motion to Suppress (ECF No. ),

☐ the pendency of Defendant's discovery motion(s) (ECF No(s).  and ),

the Court finds that this additional time is reasonable and necessary for effective preparation by counsel for Defendant and the Government, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting this continuance outweigh the public's and Defendant's rights in a speedy trial.

Accordingly;

**TRIAL** is **SET** before Judge Joseph on **November 27, 2023** at **9:00 a.m.** Trial is anticipated to last 5 days, not including jury selection. A **pretrial conference** will be **HELD** in the chambers of Judge Joseph on November 8, 2023 at 2:00 p.m. Attendance by trial counsel is required. The pretrial deadlines are as follows:

1. August 24, 2023
   7 days after issuance of scheduling order
   
   **Defendant's Request for Discovery.** Government's response is due 7 days from discovery request. See Rule 16(a)(1).

2. September 1, 2023
   15 days after issuance of scheduling order
   
   **Government's Request for Discovery.** Defendant's reciprocal is due 7 days from discovery request. See Rule 16(b)(1).

3. September 28, 2023
   60 days before trial
   
   **Expert Witness Disclosure** by party with the burden of proof.
   
   **Notice Deadline** (*See e.g.* Fed. R. Crim. P. 12.2, 12.3; Fed. R. Evid. 404(b), 413, 414).

4. October 18, 2023
   40 days before trial
   
   **Expert Witness Disclosure** by party without the burden of proof.

5. October 30, 2023
   30 days before trial
   
   **Motions Deadline** (*e.g.* suppression motions, Daubert motions, motions in limine, etc.). Oppositions are due 5 days after service of motion. Reply briefs accepted only with leave of court requested 3 days after service of opposition.

6. November 6, 2023
   21 days before trial
   
   **Applications for Writ of Habeas Corpus ad testificandum** (*i.e.* to produce witnesses who are currently incarcerated). Such applications must describe specifically why the testimony is necessary.
   
   **List of Foreseeable Issues, Proposed Voir Dire, Proposed Jury Instructions.** [1]

---

[1] For instructions regarding these documents, *see* Appendix, § I.

7. November 6, 2023  
   2 days before Pretrial Conference

   **Deadline to submit plea packet.**[2]

8. November 13, 2023  
   14 days before trial

   **Applications for subpoena(s)** pursuant to Fed. R. Crim. P. 17(b) (*i.e.*, Defendant unable to pay).

9. November 20, 2023  
   7 days before trial

   **Real Time Glossary**. By this date, each party shall submit to the court reporter a witness list, glossary of names and unusual terms, and/or word index of terms likely to be stated on the record during trial that are technical, scientific, medical, or otherwise uncommon.

   **Real-Time.** Real-time is available, and arrangements must be made with the Judge's court reporter at least one week prior to trial.

10. November 22, 2023  
    5 days before trial

    **Witness Lists** (with witnesses designated as "fact" or "expert," and the expected length of testimony).

    **Exhibit Lists** and **Bench Books** are to be provided to the Court and opposing parties.[3] Witnesses or evidence called/offered solely for impeachment need not be included.

THUS, DONE AND SIGNED on this 17th day of August, 2023.

_____  
David J. Ayo  
United States Magistrate Judge

---

[2] *See* Appendix, § IV.  
[3] Absent permission otherwise, counsel must provide 2 sets of bench books to chambers, 1 set to the Courtroom Deputy, and 1 set to each opposing party; counsel must also provide the Courtroom Deputy with a flash drive containing all trial exhibits. Prior to jury selection, counsel must deliver 1 complete set of bench books to the courtroom for the use of testifying witnesses at trial.

## Appendix

I. **Pretrial Conference**

   A. **List of Foreseeable Issues**

   For discussion at the pretrial conference, counsel will file a list of **ALL** foreseeable issues that will arise on admissibility of evidence, burden of proof, and any other issues that can or must be dealt with in advance of trial. The purpose to be served is to eliminate, to the extent possible, delays during the course of the trial, and to permit advance preparation and research of issues expected to be raised at trial. The issue list will include counsel's opinion whether a pretrial hearing will be necessary to resolve any of these foreseeable issues. Examples of such issues which may require a hearing include, but are not limited to:

   1. Extrinsic evidence questions under *U.S. v. Beechum*, 582 F.2d 898 (5th Cir. 1978);
   2. Voluntariness of statements under 18 U.S.C. § 3501;
   3. Admissibility questions; and/or
   4. Any other issue resolvable by a pretrial hearing.

   The following topics will also be discussed at the pretrial conference:

   1. Estimated time required by each side to put on its case;
   2. Marking of documents for identification;
   3. Waivers of foundation of documents where possible;
   4. Exchange of *curriculum vitae* of expert witnesses and/or stipulation of expert qualifications;
   5. Pending discovery problems;
   6. Consideration of making Jencks Act material available to the defendant prior to the testimony of all witnesses;
   7. Jury instructions/*voir dire* problems; and
   8. Any other relevant matter necessary for the smooth progress of the trial.

   B. **Proposed Voir Dire**

   The Court will conduct voir dire and allow counsel 10 minutes for any follow up questions. Counsel may submit proposed voir dire questions specific to a party or the case for the Court's consideration.

   C. **Jury Instructions**

   Fifth Circuit Pattern Jury Instructions requested by the parties should be referenced only by their numbers. Each non-pattern instruction must be

accompanied by a brief stating the statutory and/or jurisprudential authority for the instruction. Fifth Circuit authority is preferable. A simple case citation will not be sufficient.

## II.   Continuances

Any request for a continuance of the trial setting or a pretrial deadline **MUST** include the specific reasons why the scheduled trial date or pretrial deadlines do not afford sufficient time, the exact amount of additional time requested and, if the party is requesting a trial continuance, the motion **MUST** include the relevant provision(s) of 18 U.S.C. § 3161 authorizing the continuance. Continuance requests **MUST** comply with the Court's Standing Order regarding timely filing motions to continue. *See* Standing Order at **www.lawd.uscourts.gov** – under Chambers tab for Judge David C. Joseph.

## III.   Other Requirements

A courtesy copy of all material required by this Scheduling Order should be submitted directly to chambers in order to facilitate prompt attention to all matters. Courtesy copies should be e-mailed to joseph_motions@lawd.uscourts.gov. All electronic submissions should be in Microsoft Word format.

## IV.   Guilty Plea and Sentencing Procedures

### A. Guilty Pleas

Prior to the taking of a guilty plea, counsel are to submit a plea packet to the Court, which includes each of the following documents:

1. The plea agreement;
2. An affidavit of understanding of maximum penalty and constitutional rights;
3. The elements of the offense;
4. A stipulated factual basis for the guilty plea[4]; and
5. A consent decree of forfeiture in appropriate cases.

Absent good cause, guilty pleas will not be set until after receipt of the foregoing documents, signed by defendant and all counsel.

---

[4] The Court may accept oral testimony in lieu of a written, stipulated factual basis for the guilty plea.

### B. <u>Sentencing</u>

Presentencing memoranda must be filed by counsel under seal **at least seven (7) days** prior to the scheduled sentencing date, with a confidential copy submitted directly to the Probation Office.  *See* LCrR 32.2.  Any response thereto must be filed under seal, with a confidential copy submitted directly to the Probation Office, at least **three (3)** days prior to the scheduled sentencing date.  The submission of a presentencing memorandum <u>does not</u> relieve the parties from the obligation of providing the probation officer with written objections to the presentence report within fourteen (14) days from the day of disclosure.  *See* Fed. R. Crim. P. 32(f); LCrR 32.1.